United States District Court

Eastern District of California

George Johnson,

      Plaintiff,             No. Civ. S 04-2255 LKK PAN P

   vs.                        Order

Joseph Sherman, et al.,

      Defendants.

-oOo-

    Plaintiff, a state prisoner without counsel, pursues a civil rights action for damages and injunctive relief in connection with compulsory Mantoux skin testing for tuberculosis.

    April 13, 2005, the court approved service on defendants Sherman, Lea and Flint and forwarded to plaintiff materials to return for service of process by the United States Marshal.

    Plaintiff moved March 7 and April 25, 2005, for a temporary restraining order that he not be subjected, again, to Mantoux skin testing.  May 10, 2005, the court ordered plaintiff to

1   comply with requirements regarding service of his emergency

2   relief motions.  <u>See</u> Fed. R. Civ. P. 65(b).

3       May 17, 2005, plaintiff filed a letter withdrawing the

4   motions for a temporary restraining order as moot.  The letter

5   stated plaintiff had not received the April 13, 2005, order

6   approving service or materials enclosed therewith.

7       May 20, 2005, plaintiff filed an "amended complaint" seeking

8   to add claims against new defendants based on events in April

9   2005.  The document is defective as an amended complaint because

10  it does not include allegations of the original pleading.  Claims

11  based on events in April 2005 likely are not exhausted.

12      June 3, 2005, plaintiff moved for a temporary restraining

13  order and injunction regarding claimed interference with his

14  receipt of mail.

15      Good cause appearing, the court hereby orders that:

16      1.  The Clerk of Court shall re-serve on plaintiff the April

17  13, 2005, order approving service, three USM-285 forms and

18  instructions for service of process.  Plaintiff shall submit

19  materials for service within 15 days, or amend his pleading

20  within 45 days.

21      2.  The May 20, 2005, "amended complaint" is stricken.

22  Plaintiff may amend his pleading as of right before any defendant

23  has served an answer, but amended pleading must be complete in

24  itself to state all claims against all defendants.  Pleading

25  claims based on events after this litigation commenced would

26  require plaintiff to file a supplemental pleading, upon leave of

1  the court.  Plaintiff is forewarned that amending or
2  supplementing the pleading will delay in serving defendants.

3      3.  Plaintiff's March 7 and April 25, 2005, motions for a
4  temporary restraining order are deemed withdrawn.

5      4.  Plaintiff's June 3, 2005, motion for a temporary
6  restraining order and injunction is stricken because it does not
7  comply with Rule 65(b) requirements concerning notice or an
8  affidavit establishing why relief should be issued without
9  notice.

10     Dated:  December 27, 2005.

11                          /s/ Peter A. Nowinski
                            PETER A. NOWINSKI
12                          Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26