United States District Court

Eastern District of California

George Johnson,

      Plaintiff,

vs.

Joseph Sherman, et al.,

      Defendants.

No. Civ. S-04-2255 LKK PAN P

Order Directing Service by the United States Marshal Without Prepayment of Costs

-oOo-

Plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915. The court previously ordered plaintiff to provide information for service of process on form USM-285, sufficient copies of the October 25, 2004, complaint for service, and a notice of compliance. Plaintiff has filed the required papers.

1. The Clerk of the Court is directed to forward the instructions for service of process, the completed summons, and copies of the October 25, 2004, complaint and of this order to the United States Marshal.

2. Within ten days the United States Marshal shall notify defendants Sherman, Lea, and Flint of the commencement of this action and request waiver of service of summons in accordance with the provisions of Fed. R. Civ. P. 4(d).

3. The United States Marshal shall retain the original summons and a copy of the complaint in his file.

4. The United States Marshal shall file written waivers of service of summons and any requests for waiver of service that are returned undelivered as soon as they are received.

5. If a requested waiver of service of summons is not returned by a defendant within 60 days from the day the request was mailed, the United States Marshal shall:

   a. Serve process and a copy of this order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c) and shall command all necessary assistance from the California Department of Corrections to execute this order. The United States Marshal shall maintain the privacy of all information provided in confidence by the Department pursuant to this order.

   b. Within ten days after service is made, file the return of service for the defendant with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be itemized on form USM-285 and shall include costs incurred by the Marshal for photocopying the summons and complaint and preparing any new forms USM-285. Costs of service

1  will be taxed against the defendant in accordance with Fed. R.
2  Civ. P. 4(d)(2).
3      6.  Defendants shall reply to the complaint within the time
4  provided by Fed. R. Civ. P. 12(a).
5      7.  Unless otherwise ordered, all motions to dismiss,
6  motions for summary judgment, motions concerning discovery,
7  motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59 and 60 of
8  the Federal Rules of Civil Procedure, and motions pursuant to
9  Local Rule 11-110 shall be briefed pursuant to Local Rule
10 78-230(m).  Failure timely to oppose a motion may be deemed
11 consent to the relief requested in the motion.  Opposition to all
12 other motions need be filed only as specifically directed by the
13 court.
14     8.  If plaintiff is released from prison during the pendency
15 of this action, any party may request application of other
16 provisions of Local Rule 78-230 but Local Rule 78-230(m) shall
17 apply until such a request is made and granted.  See Local Rule
18 1-102(d).
19     9.  Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 &
20 n. 14 (9th Cir. 2003), plaintiff is advised of the following
21 requirements for opposing a motion to dismiss for failure to
22 exhaust administrative remedies made by a defendant.  Such a
23 motion is a request for dismissal of unexhausted claims without
24 prejudice.  The defendant may submit evidence including
25 declarations under penalty of perjury and duly authenticated
26 documents to support the request.  If plaintiff contends he did

1 exhaust administrative remedies available to him, plaintiff may
2 oppose defendant's motion and submit evidence, including his own
3 or others' competent declarations under penalty of perjury and
4 duly authenticated documents.  If plaintiff does not serve and
5 file a written opposition to the motion, the court may consider
6 the failure as plaintiff's consent that the motion should be
7 granted.  If the defendant's motion to dismiss is granted
8 plaintiff's unexhausted claims will be dismissed without
9 prejudice.

10     10.  Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th
11 Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and
12 Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), plaintiff
13 is advised of the following requirements for opposing a motion
14 for summary judgment made by a defendant pursuant to Rule 56 of
15 the Federal Rules of Civil Procedure.  Such a motion is a request
16 for an order for judgment in favor of the defendant without
17 trial.  A defendant's motion for summary judgment will set forth
18 the facts affecting plaintiff's right to relief under the
19 applicable law that defendant contends are not reasonably subject
20 to dispute.  To oppose a motion for summary judgment, plaintiff
21 must present evidence in support of his  claims.  To do this,
22 plaintiff may call the court's attention to statements within
23 plaintiff's knowledge made under the penalty of perjury in the
24 complaint, or submit his own or others' competent declarations
25 under penalty of perjury, duly authenticated documents, the
26 transcript of a deposition, answers to interrogatories, or

admissions obtained in this proceeding.  If there is some good reason why such evidence is not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone considering the defendant's motion.

    11.  Unsigned affidavits or declarations will be stricken.

    12.  Each party shall promptly advise the court if they change their address by serving and filing a document entitled "Notice of Change of Address."  Failure to inform the court of a change of address may result in the imposition of sanctions including dismissal of the action.

    13.  The Clerk of the Court shall serve upon plaintiff a copy of the Local Rules of Court.

    14.  The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default.  Fed. R. Civ. P. 11; Local Rule 11-110.

    So ordered.

    Dated:  January 19, 2006.

                              /s/ Peter A. Nowinski
                              PETER A. NOWINSKI
                              Magistrate Judge