IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE JOHNSON,

        Plaintiff,                       No. CIV S-04-2255 LKK EFB P

    vs.

JOSEPH SHERMAN, et al.,

        Defendants.                  FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. He claims that in 2004 defendants at California State Prison Sacramento (CSPS) violated his right to freely exercise his Rastafarian religion by forcing him to submit to tuberculosis (TB) skin tests and placing him in administrative segregation. The matter is before the court on defendants' November 9, 2006, motion for summary judgment for failure to exhaust administrative remedies prior to filing suit, and plaintiff's March 1, 2007, motion to amend the complaint.

**I. Facts**

       Plaintiff is a prisoner in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff has been incarcerated at California State Prison Solano (Solano) since July 6, 2006. Plaintiff's Deposition (Pl.'s Dep.), 18:14; Ex. A ¶ 40. Plaintiff was

1

transferred from California State Prison Sacramento (CSPS), where he was housed when he initiated this suit.

Plaintiff contends that the administration of tuberculosis skin tests at CSPS violates his constitutional rights as it conflicts with his religious beliefs. Compl. at 2.

Plaintiff has not exhausted any relevant grievances to the Director's level of review. Pl.'s Dep. at 18:15-19:1. Plaintiff prepared a grievance regarding the tuberculosis testing at CSPS on February 26, 2004. Pl.'s Dep. at 20:8-21; Defs.' Mot. for Summ. J., Ex. H at 1-2. He submitted the grievance regarding the tuberculosis testing at CSPS to defendant Sherman, who completed the informal review on April 2, 2004. Pl.'s Dep. at 20:23-21:3; Ex. H at 1-2. Plaintiff did not submit the grievance regarding the tuberculosis testing at CSPS for a second level review. Instead, he requested a Director's level review from the Inmate Appeals Branch (IAB) on April 6, 2004. Pl.'s Dep. at 21:8-14. On May 21, 2004, the IAB screened out the request and returned it to plaintiff with a letter indicating that he was obligated to obtain a second level review. Pl.'s Dep. at 22:6-15; Compl., Ex. A at 7.

On June 4, 2004, plaintiff's grievance was denied at the second level of review. Compl., Ex. A at 3. Plaintiff sought further review. However, on June 18, 2004, the inmate appeals coordinator rejected plaintiff's appeal, stating that it "exceeds the 15-working day time limit," because "your appeal was returned to you on 4-24-04 after the informal response. You did not resubmit your appeal for the next level of review until 6-4-04." Compl., Ex. A at 6. Plaintiff pressed his appeal further by writing a letter to the inmate appeals coordinator. His letter explained that he was seeking Director's level review of an emergency appeal and, citing to California Code of Regulations, Title 15 §3084.3(c)(6), argued that this should have tolled the time limit.[1] Compl., Ex. A at 4. Plaintiff received a further rejection on June 23, 2004, which

---

[1] Section 3084.3(c)(6) does not contain a tolling provision for appeals. It states only that "[a]n appeal may be rejected" if "[t]ime limits for submitting the appeal are exceeded and the appellant had an opportunity to file within the prescribed time constraints."

2

1 stated again that his appeal exceeded the time limit and directed him not to resubmit his appeal.
2 Compl., Ex. A at 5.  Plaintiff wrote again to the Director's level of review, but was again
3 rejected for exceeding time constraints.  Compl., Ex. A at 1-2.

**II.     Standards Applicable to This Motion**

Defendants move to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure. While the Ninth Circuit has stated that Rule 12(b) is the proper mechanism for resolving questions arising under 42 U.S.C.§ 1997e(a), *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), the reason underlying that decision has been undermined.  The Ninth Circuit found that failure to exhaust was a matter in abatement which should be raised in a motion made under "unenumerated Rule 12(b)."[2] *Wyatt*, 315 F.3d at 1119.  However, the United States Supreme Court recently confirmed that failure to exhaust is an affirmative defense which defendant has the burden of pleading and proving.  *Jones v. Bock*, __ U.S. __, 127 S.Ct. 910, 921 (2007). Federal courts appropriately consider affirmative defenses raised in motions supported by materials extrinsic to the complaint on summary judgment.  Here, defendant's motion necessarily requires the court to consider the affidavits and exhibits presented for the purpose of proving the absence of exhaustion.  Accordingly, the court finds that a motion for summary judgment is the proper mechanism for resolving the question of whether plaintiff satisfied the exhaustion requirement.

**III.    Rule 56 Standards**

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v.*

////

---

[2] *Wyatt* is clear that regardless of nomenclature, a motion attacking failure to exhaust is not a challenge to the sufficiency of the complaint.  It is a motion in which defendant must raise and prove by evidence the absence of exhaustion.  *Id.*  In this regard, the Ninth Circuit in *Wyatt* provides further guidance.  It recognizes that when the district court looks beyond the pleadings to a factual record in deciding the exhaustion motion it necessarily does so under "a procedure closely analogous to summary judgment." *Id.*, n.14

3

1  *Catrett*, 477 U.S. 317, 322 (1986).[3]  As explained by the Ninth Circuit, the utility of Rule 56 to

2  screen which cases actually require resolution of disputed facts over material issues (through

3  presentation of testimony and evidence at trial) has been clarified and enhanced.

> In three recent cases, the Supreme Court, by clarifying what the non-moving party must do to withstand a motion for summary judgment, has increased the utility of summary judgment. First, the Court has made clear that if the non-moving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  Second, to withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986) (emphasis added).  Finally, if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).  No longer can it be argued that *any disagreement* about a material issue of fact precludes the use of summary judgment.

*California Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.), *cert. denied*, 484 U.S. 1006 (1988) (parallel citations omitted) (emphasis added).  In short, there is no "genuine issue as to material fact," if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Grimes v. City and Country of San Francisco*, 951 F.2d 236, 239 (9th Cir. 1991) (quoting *Celotex*, 477 U.S. at 322).

/////

////

---

[3] On July 31, 2006, the court expressly informed plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988). Pursuant to *Wyatt*, 315 F.3d at 1120, n.4, that order also expressly informed plaintiff of the requirements for opposing a failure to exhaust motion that is supported by affidavits or declarations and exhibits.

**IV.  Failure to Exhaust**

The applicable statute is 42 U.S.C. § 1997e(a), which provides in relevant part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not.  The actual statue makes exhaustion a precondition to *suit*." (citation omitted)).  A prisoner seeking leave to proceed *in forma pauperis* in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006).  Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002).  Defendant has the burden of proving that plaintiff did not exhaust. *Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005); *Wyatt*, 315 F.3d at 1119.

California prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a).  The regulations require the use of specific forms but contain no guidelines for grievance content. *Id.*, at §§ 3084.2, 3085.  Prisoners ordinarily must present their allegations on one informal and three formal levels of review, although the informal and the first formal levels may be bypassed. *Id.*, at § 3084.5.  A division head reviews appeals on the first formal level, *see Id.*, at § 3084.5(b)(3) (authorizing bypass of the first formal level when the division head cannot resolve it), and the warden or a designee thereof reviews appeals on the second formal level. *See Id.*, at § 3084.5(e)(1).  Generally, completion of the third level, the Director's Level of Review, exhausts the remedy. *Id.*, at § 3084.1(a).

1  Here, the evidence shows that plaintiff's first appeal was filed on February 26, 2004.
2 The appeal was denied at the fist level on April 2, 2004. Plaintiff then sought relief at the
3 Director's Level. In response, plaintiff received a letter stating in pertinent part:

> This office provides the Director's Level Review of inmate/parole appeals. The form must be completed through the Second Level of Review on behalf of the Warden or Parole Region Administrator. This appeal issue should be submitted directly to the Appeals Coordinator for review and appropriate action.

On June 18, 2004, plaintiff's second-level appeal was rejected because he "did not re-submit [his] appeal for the next level of review until 6-4-04." Defs.' Mot. for Summ. J., Ex. H at 5. Plaintiff resubmitted his appeal and it was screened out by the appeals coordinator because plaintiff did not appeal within fifteen days of April 4, 2004. Plaintiff continued to press his appeal by writing to Appeals Coordinator I. O'Brian on June 21, 2004, and Chief of Inmate Appeals N. Grannis on July 8, 2004. Plaintiff received a response from N. Grannis in the form of a letter dated September 2, 2004, that stated "[a]n appellant must submit the appeal within 15 working days of the event or decision being appealed, or of receiving a lower level decision in accordance with CCR 3084.6(c)." Defs.' Mot. for Summ. J., Ex. H at 4.

Plaintiff's second appeal was filed July 10, 2006, and denied at the first level on August 18, 2006. There is nothing in evidence to indicate that plaintiff pursued this appeal beyond denial at the first level. Thus, he did not exhaust his administrative remedies.

It is apparent that plaintiff meant to process his first appeal as an emergency appeal. In the body of the appeal, he wrote that he was "filing this 602 and a federal emergency injunction for exemption from the PPD test" because he was informed he "would have to take another skin test in April 2004, which is about 8 weeks away." Defs.' Mot. for Summ. J., Ex. H at 1. "When circumstances are such that the regular appeal time limits may result in a threat to the appellant's safety or cause other serious and irreparable harm, the appeal shall be processed as an emergency appeal." Cal.Code Regs. tit. 15, § 3084.7(a)(1). Appeals submitted as emergency appeals must include substantiation of circumstances warranting emergency processing and must be submitted

directly to the appeals coordinator rather than to the involved staff. Cal.Code Regs. tit. 15, §§ 3084.2(b) & 3084.7(a)(2). If the appeals coordinator determines that emergency processing is warranted, the first formal level is waived and the second formal level must be completed within five working days; if the appellant is dissatisfied, he may resubmit the appeal to the appeals coordinator, who will fax the appeal to the chief of inmate appeals for third level review within five working days. Cal.Code Regs. tit. 15, § 3084.7(a)(2)(B) & (C). If the appeals coordinator determines that emergency processing is unwarranted, the inmate will be notified and the appeal will be processed as a regular appeal. Cal.Code Regs. tit. 15, § 3084.7(a)(2)(A). Plaintiff did not follow proper procedures for filing an emergency appeal by including substantiation of circumstances warranting emergency processing and submitting the appeal directly to the appeals coordinator rather than to defendant R.N. Sherman, the involved staff.

Additionally, plaintiff failed to file for non-emergency second level review in a timely manner following his denial at the first level of review. Plaintiff argues that the deadline for seeking second level review should have been tolled pending the decision at the Director's Level. Even so, the response from the Director's Level was dated May 21, 2004, and the date plaintiff submitted his request for second level review was June 4, 2004, more than fifteen days later.

As to his second appeal, plaintiff failed to file for second-level review altogether. Plaintiff has therefore failed to exhaust his administrative remedies before bringing suit.

The court finds no genuine issue of material fact regarding exhaustion and therefore recommends defendants' otion for summary judgment be granted.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' April 19, 2007, motion for summary judgment be granted;

2. Plaintiff's March 1, 2007, motion to amend the complaint be denied; and

3. The Clerk of the Court be directed to close this case.

////

1  These findings and recommendations are submitted to the United States District Judge
2  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days
3  after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
6  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
7  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
8  DATED:  September 24, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE